**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA,

Plaintiff,

v. Civil Action No. 3:16cv341

$113,550.58 IN FUNDS FROM JP MORGAN CHASE BANK, ACCOUNT #768982881, IN THE NAME OF LEGAL SERVICES,

Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER'S ANSWER (ECF No. 7), filed by the United States and the MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 13), filed by FIAD Services LLC, Legal Services. For the reasons set forth below, the MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 13) will be granted and the MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER'S ANSWER (ECF No. 7) will be granted as to Michael Cooper's Answer and denied as moot as to FIAD Services LLC, d/b/a Legal Services.

**BACKGROUND**

On June 6, 2016, the COMPLAINT FOR FORFEITURE IN REM (ECF No. 1) (the "Complaint"), was filed by the United States against defendant $113,550.58 in funds from JP Morgan Chase Bank, account #768982881, in the name of Legal Services (hereinafter "defendant property"), in accordance with Fed. R. Civ. P. Supplemental Rule G(2). The action is a civil, *in rem* proceeding to forfeit money seized as property constituting or derived from the proceeds traceable to a scheme to defraud, involving violations of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and/or a conspiracy to commit wire fraud and mail fraud (18 U.S.C. § 1349). (ECF No. 1, Compl. ¶ 4).

The WARRANT AND SUMMONS FOR ARREST OF ARTICLES *IN REM* (ECF No. 2) (the "Warrant") was duly executed on June 10, 2016, pursuant to Rule G(3)(b) and (c). Proof of Service of the Warrant was filed with the Clerk of Court on June 15, 2016 (ECF No. 3).

On June 21, 2016, pursuant to Rule G(4)(b), direct notice of the civil forfeiture action (the "Notice") and a copy of the Complaint were sent by regular and certified mail-return receipts to all entities' and persons believed to have an interest in the defendant property, including: (1) Michael D.

Cooper, (2) Michael D. Cooper; c/o A. Jeff Irah, Esq., counsel for Michael D. Cooper, and (3) FIAD Services, LLC; c/o Michael D. Cooper, owner FIAD Services, LLC. The Complaint, Warrant and the Notice all mention the name "LEGAL SERVICES." It appears that appellation was FIAD's "doing business name." Thus, FIAD and LEGAL SERVICES will be referred to only as FIAD. The Notice twice stated that a claim must be filed by July 26, 2016. The regular mail was never returned as undeliverable; however, the only return receipt received was from Jeff Irah, Esq.

The Notice was also published on an official government internet site for a period of thirty days (30 days), beginning June 17, 2016, pursuant to Rule G(4)(a). The internet notice provided that, if no direct notice was received, an interested party could file a claim by August 16, 2016, pursuant to Rule G(5)(a)(ii)(B).

On June 26, 2016, the ANSWER TO COMPLAINT FOR FORFEITURE *IN REM* (ECF No. 4) was filed by FIAD, Legal Services, and Cooper, all of whom were referred to as "claimants." But, none of them filed a claim as is required by Rule G(5).

On August 15, 2016, the United States filed the MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER's ANSWER AND BRIEF IN SUPPORT (ECF No. 7).

On August 29, 2016, FIAD, this time through counsel, filed the MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 13). Attached to the motion, FIAD provided a PROPOSED AMENDED ANSWER (ECF No. 14-3).

**POSITIONS OF PARTIES**

In its MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER's ANSWER (ECF No. 7), the United States asserts that FIAD and Cooper failed to comply with the requirements of Rule G(5) because, although they filed an Answer (ECF No. 4), they did not file a claim. Thus, says the United States, neither has standing to file an Answer. And, the United States rightly contends that, because Cooper is not an attorney, he cannot, under Local Civil Rule 83(D)(3), file papers on behalf of another, specifically FIAD.

In support of its MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER, FIAD asserts that: (1) The Answer gave notice that the defendant property is owned and claimed by FIAD; (2) Cooper made a good faith attempt to comply with Rule G as a pro se litigant; (3) FIAD's counsel has acted diligently to correct the alleged deficiencies; and (4) the United States will suffer no prejudice from excusing FIAD's procedural errors.

In the GOVERNMENT'S REPLY TO RESPONSE IN OPPOSITION TO MOTION TO STRIKE ANSWER AND GOVERNMENT'S RESPONSE TO MOTION OF

FIAD SERVICES LLC FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 15), the United States agrees with FIAD's MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 13), on the condition that the Answer of Michael D. Cooper, individually, is stricken.

**LEGAL STANDARD**

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern civil forfeiture actions *in rem* arising from federal statutes. Rule G(5)(a) provides that a person contesting the forfeiture of property in a civil forfeiture action may oppose the forfeiture by filing a claim in the court where the action is pending, by identifying the specific property claimed, identifying the claimant, and stating the claimant's interest in the property. Rule G(5)(a)(i)(A)(B). In addition to filing a claim, Rule G(5)(b) provides that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."

"In order to contest a governmental forfeiture action, claimants must have both standing under the statute [] governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." U.S. v. Vazquez-Alvarez, 760 F.3d 193, 197 (2d Cir. 2014) (quoting

United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999)).

Rule G(8)(c) provides that the United States may move to strike a claim or answer for failing to comply with Rule G(5). See United States v. $104,250.00 in U.S. Currency, 947 F. Supp. 2d 560, 563 (D. Md. 2013); see also United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48), No. 13-CV-5567 MKB, 2015 WL 5178121, at *4 (E.D.N.Y. Sept. 2, 2015) ("At any time before trial, the government may move to strike a claim pursuant to Forfeiture Rule G(8)(c) on the grounds that the claimant lacks standing to make the claim, or on the grounds that the claimant did not comply with Forfeiture Rule G(5) . . . ."). The Advisory Committee Notes on Rule G "provides that the government may move to strike a claim or answer for failure to comply with the pleading requirements of subdivision (5) . . . As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15."

"A claimant who fails to comply with the Supplemental Rules lacks statutory standing to assert a claim." United States v. $18,690.00 in U.S. Currency, No. 5:13CV00026, 2014 WL 1379914, at *2 (W.D. Va. Apr. 8, 2014) (citing United States v.

$119,030.00 in U.S. Currency, 955 F.Supp.2d 569, 577 (W.D.Va.2013)). While courts have the discretion to excuse some procedural failures, strict compliance is normally required. See United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) (granting motion to strike claim when claimant failed to file an answer to the complaint or demonstrate excusable neglect for failing to do so); see also United States v. $39,557.00, More or Less, in U.S. Currency, 683 F.Supp.2d 335, 338-39 (D.N.J. 2010) (striking claim for failure to identify ownership and failure to comply with verification requirement). "Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter." United States v. Borromeo, 945 F.2d 750, 752 (4th Cir. 1991); accord, United States v. Estevez, 845 F.2d 1409 (7th Cir. 1988).

However, "[e]ven where a claimant is properly served . . . a court may allow a claim to be filed out of time on a showing of excusable neglect. Fed.R.Civ.P. 6(b)(2)." United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991).[1] A court may consider the following factors to determine whether there was excusable neglect:

---

[1] "A district court's ruling on excusable neglect is reviewed for abuse of discretion." United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991).

> [W]hen the claimant became aware of the seizure, whether the claimant was properly served, whether the government would be prejudiced, whether the government encouraged the delay or misguided the claimant, whether the claimant informed the government and the court of his interest before the deadline, whether the claimant had expended resources preparing for trial, the claimant's good faith, the claimant's health problems, whether the government has complied with procedural rules, and whether the claimant was acting pro se.

United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991).

## ANALYSIS AND APPLICATION OF LAW

### A. Michael D. Cooper Lacks Standing to Assert a Claim on Behalf of FIAD

By failing to follow the requirements of Rule 5(G), Cooper lacks statutory standing to assert a claim on behalf of himself and FIAD, and therefore, the MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER'S ANSWER (ECF No. 7) will be partially granted and Cooper's Answer will be stricken. See United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars and Forty-Eight Cents, No. 13-CV-5567 MKB, 2015 WL 5178121, at *1 (E.D.N.Y. Sept. 2, 2015).

The filing of a claim is essential to contesting a forfeiture request. See United States v. $12,914.00 in U.S. Currency, 828 F. Supp. 2d 822, 824 (D. Md. 2011) (The claim is the most significant requirement in Rule G(5)). Cooper has not

requested an extension of time to file a claim to cure his Rule G violations. Although FIAD has made a motion for such a request, that motion does not include Cooper. Therefore, the MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER'S ANSWER (ECF No. 7) will be partially granted with respect to Cooper's Answer.

**B. Even if Cooper had Standing, He Cannot Assert a Claim on Behalf of FIAD.**

Wholly apart from the procedural bar created by Cooper's failure to file a claim, Cooper cannot assert a claim on behalf of FIAD in any event. Pursuant to Local Civil Rule 83.1(D)(3), "[e]xcept where a party conducts his or her own case, no pleading or notice required to be signed by counsel shall be filed unless signed by counsel who shall have been admitted to practice in this Court . . . ." As the attorney for FIAD services states in its BRIEF OF CLAIMANT FIAD SERVICES LLC IN SUPPORT OF MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 14), Cooper is a pro se litigant, not an attorney. The local rules forbid Cooper from filing papers on behalf of FIAD.

**C. FIAD Will Be Permitted to File Claim Out of Time and Amend Answer.**

FIAD, as the United States acknowledges, has satisfied the requirement for an extension of time in which to file its claim and an Amended Answer. That part of its motion will be granted.

**CONCLUSION**

For the reasons set forth above, the MOTION TO STRIKE CLAIMANTS FIAD SERVICES LLC, LEGAL SERVICES, AND MICHAEL COOPER'S ANSWER (ECF No. 7) will be granted as to Cooper's Answer and will be denied as moot as to FIAD Services LLC, d/b/a Legal Services and the MOTION FOR LEAVE TO FILE CLAIM OUT OF TIME AND TO AMEND ANSWER (ECF No. 13) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 19, 2016